1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Ronald E. Wilcox (SBN 176601)
   LAW OFFICE OF RONALD E. WILCOX
7  1900 The Alameda, Suite 530
   San Jose, California  95126-1122
8  Telephone Number: (408) 296-0400
   Facsimile Number: (408) 296-0486
9  Email Address: ronaldwilcox@yahoo.com

10 Attorneys for Plaintiff
   CORAZON GAERLAN REYES
11

12          IN THE UNITED STATES DISTRICT COURT
13       FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN JOSE DIVISION
14
15 CORAZON GAERLAN REYES,              Case No. CV12-05811 HRL

16              Plaintiff,             **COMPLAINT**

17      v.                            **DEMAND FOR JURY TRIAL**

18 CREDIGY RECEIVABLES, INC., a Nevada
   corporation; CREDIGY SERVICES CORP., a    15 United States Code § 1692 *et seq.*
19 Nevada corporation; PHOENIX LAW GROUP    California Civil Code § 1788 *et seq.*
   CORP., a California corporation;  RED HILL  Malicious Prosecution
20 LAW GROUP, P.C., a California corporation;
   JAY MICHAEL TENENBAUM, individually
21 and in his official capacity;  IAN NATHAN
   WILLENS, individually and in his official
22 capacity; RONALD R. ROUNDY, individually
   and in his official capacity;  MICHAEL
23 CHARLES BRKICH, individually and in his
   official capacity;
24
25              Defendants.
26
27
28

                           - 1 -
                         COMPLAINT

Plaintiff, CORAZON GAERLAN REYES, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. Defendants wrongfully sued Plaintiff in a sham judicial foreclosure action that was nothing more than a materially false and misleading attempt to collect on a dormant judgment based on an unsecured credit card debt that was more than ten (10) years old. Furthermore, Defendants engaged in their sham lawsuit despite not having a valid assignment of the underlying judgment – claiming that a dormant judgment had been assigned to them by a defunct entity that did not exist at the time of the alleged assignment. Moreover, Defendants maliciously filed and prosecuted a wrongful judicial foreclosure action against Plaintiff despite receiving prior Court orders in other cases indicating Defendants' debt collection practice was a sham.

2. As a direct and foreseeable result of Defendants sham judicial foreclosure action, Plaintiff suffered injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, nausea, dizziness, sleeping issues, headaches, migraines, crying spells, feeling distraught, shaking, lack of concentration, irritability, eating problems, among other injuries.

3. Defendants herein engaged in an intentional business plan and practice of filing sham judicial foreclosure lawsuits against California consumers that were nothing more that materially false and misleading attempts to collect consumer debts. In fact, Defendants were put on notice several times in the months before they filed their sham judicial foreclosure action against the Plaintiff herein that their judicial foreclosure lawsuits were unlawful. Notice to Defendants herein included, but was not limited to the February 8, 2011, order by the Honorable Janet M. Frangie of the Superior Court of

California, County of San Bernardino, sustaining a demurrer to a Complaint filed by Defendants herein, without leave to amend, holding "[a]s a matter of law, a Complaint for judicial foreclosure is not the statutorily authorized avenue to enforce [a] judgment lien against [] real property."[1]  Additionally, on September 12, 2011, the Honorable Lloyd L. Hicks of the Superior Court of California, County of Tulare, issued an Order to Show Cause Re: Dismissal stating, "Plaintiff's Attorney, Ian Willen, is ordered to personally appear . . . to show cause why each of the above cases should not be dismissed as shams, in that there is no cause of action for judicial foreclosure of a residence based only on Plaintiff having a judgment against the Defendant."[2]  On March 27, 2012, the Honorable Mac R. Fisher of the Superior Court of California, County of Riverside, issued a *sua sponte* Order to Show Cause against Defendants herein stating in relevant part:

> This action seeks [the] remedy of foreclosure in connection with a judgment lien recorded against real property allegedly owed by a judgment debtor. (CCP 697.310, et seq.)  The judgment was entered against defendant in another action.  It appears to this Court that no such remedy of foreclosure can be asserted and that plaintiff must proceed in the underlying action pursuant to the Enforcement of Judgments Law. (CCP 680.010, et seq.)  It appears that plaintiffs complaint fails to state sufficient facts to constitute a cause of action.[3]

4.    This is an action for actual damages, statutory damages, punitive damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and related common law claims.

---

[1]  See, Notice of Ruling on Defendant's Demurrer, filed February 17, 2011, in the case captioned *Gryphon Solutions, LLC v. Barbara J. Smith, et al.*, San Bernardino Case No. CIVRS-1012761 (Exhibit "1").

[2]  See, Order to Show Cause Re: Dismissal, filed September 12, 2011, in three (3) related case captioned *Credigy Receivables v. John Rivera, Tom Firzgerald, and James J. Dougherty*, Tulare Case Nos. VCU240699, VCU241166 and VCU240641 (Exhibit "2").

[3]  See, Order to Show Cause, entered March 27, 2012, in the case captioned *The Gabriel Group, LLC v. John P. Salter*, Riverside Case No. RIC1112912 (Exhibit "3").

5.    According to 15 U.S.C. § 1692:

    a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[4]

7.    Plaintiff also seeks actual damages and punitive damages for Defendants' bad faith, frivolous filing and malicious prosecution of a sham judicial foreclosure lawsuit against her.

---

[4] Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

8.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## III.  VENUE

10.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

11.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

12.     Plaintiff, CORAZON GAERLAN REYES ("Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

13.     Defendant, CREDIGY RECEIVABLES, INC. ("CREDIGY RECEIVABLES"), is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at: 3715 Davinci Court, Norcross, Georgia 30092.  CREDIGY RECEIVABLES may

be served as follows: Credigy Receivables, Inc., c/o Registered Agents Legal Services, Ltd., 112 North Curry Street, Carson City, Nevada 89703. The principal business of CREDIGY RECEIVABLES is the collection of consumer debts using the mails and telephone and CREDIGY RECEIVABLES regularly attempts to collect debts alleged to be originally due another. CREDIGY RECEIVABLES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CREDIGY RECEIVABLES is vicariously liable to Plaintiff for the acts of PHOENIX LAW GROUP, INC., RED HILL LAW GROUP, PC, JAY MICHAEL TENENBAUM, IAN NATHAN WILLENS, RONALD R. ROUNDY, and MICHAEL CHARLES BRKICH.[5]

14.    Defendant, CREDIGY SERVICES CORP. ("CREDIGY SERVICES"), is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at: 3715 Davinci Court, Norcross, Georgia 30092. CREDIGY SERVICES may be served as follows: Credigy Services Corp., c/o Registered Agents Legal Services, Ltd., 112 North Curry Street, Carson City, Nevada 89703. The principal business of CREDIGY SERVICES is the collection of debts using the mails and telephone and CREDIGY SERVICES regularly attempts to collect debts alleged to be due another. CREDIGY SERVICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that CREDIGY SERVICES directed and directly participated in the unlawful activities described herein. CREDIGY SERVICES is vicariously liable to Plaintiff for the acts of PHOENIX LAW GROUP, INC., RED HILL LAW GROUP, PC, JAY MICHAEL TENENBAUM, IAN NATHAN WILLENS, RONALD R. ROUNDY, and MICHAEL CHARLES BRKICH.[6]

---

[5]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").
[6]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are

15. Defendant, PHOENIX LAW GROUP, INC. ("PHOENIX") is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 17772 Irvine Boulevard, Suite 203, Tustin, California 92780. PHOENIX may be served as follows: Phoenix Law Group, Inc., c/o Linda L. Seals, Agent for Service of Process, 17772 Irvine Boulevard, Suite 203, Tustin, California 92780. The principal business of PHOENIX is the collection of debts using the mails and telephone and PHOENIX regularly attempts to collect debts alleged to be due another. PHOENIX is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

16. Defendant, RED HILL LAW GROUP, PC ("RED HILL") is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2875 Michelle Drive, Suite 325, Irvine, California 92606. RED HILL may be served as follows: Red Hill Law Group, PC, c/o Bert Briones, Agent for Service of Process, 2875 Michelle Drive, Suite 325, Irvine, California 92606. The principal business of RED HILL is the collection of debts using the mails and telephone and RED HILL regularly attempts to collect debts alleged to be due another. RED HILL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

17. Defendant, JAY MICHAEL TENENBAUM ("TENENBAUM"), is a natural person, a disbarred attorney in the state of California, and is or was an employee, agent, officer and/or director of PHOENIX and RED HILL at all relevant times. TENENBAUM may be served at his current business address at: Jay Michael Tenenbaum, Phoenix Law Group, Inc., 17772 Irvine Boulevard, Suite 203, Tustin, California 92780, and at his current residence address at: Jay Michael Tenenbaum, 2 Morro Bay, Irvine, California 92602-1094. The principal purpose of TENENBAUM's business is the

taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

collection of consumer debts due or alleged to be due another. TENENBAUM is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet. TENENBAUM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that TENENBAUM is liable for the acts of PHOENIX and RED HILL because he sets and approves PHOENIX and RED HILL collection policies, practices, procedures and he directed and directly participated in the unlawful activities described herein.

18.     Defendant, IAN NATHAN WILLENS ("WILLENS"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, officer and/or director of PHOENIX at all relevant times. WILLENS may be served at his current business address at: Ian Nathan Willens, Phoenix Law Group, Corp., 17772 Irvine Boulevard, Suite 203, Tustin, California 92780, and at his current residence address at: Ian Nathan Willens, 24604 Brittany Lane, Newhall, California 91321. The principal purpose of WILLENS' business is the collection of consumer debts due or alleged to be due another. WILLENS is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet. WILLENS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that WILLENS is liable for the acts of PHOENIX because he sets and approves PHOENIX collection policies, practices, procedures and he directed and directly participated in the unlawful activities described herein.

19.     Defendant, RONALD R. ROUNDY ("ROUNDY"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, officer and/or director of PHOENIX at all relevant times. ROUNDY may be served at his current business address at: Ronald R. Roundy, Phoenix Law Group, Corp., 17772 Irvine Boulevard, Suite 203, Tustin, California 92780, and at his current residence address at: Ronald R. Roundy, 15425 Antioch Street, #104, Pacific Palisades,

California 90272. The principal purpose of ROUNDY's business is the collection of consumer debts due or alleged to be due another. ROUNDY is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet. ROUNDY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that ROUNDY is liable for the acts of PHOENIX because he sets and approves PHOENIX collection policies, practices, procedures and he directed and directly participated in the unlawful activities described herein.

20. Defendant, MICHAEL CHARLES BRKICH ("BRKICH"), is a natural person and is or was an employee, agent, officer and/or director of CREDIGY RECEIVABLES at all relevant times. BRKICH may be served at his current business address at: Michael Charles Brkich, Phoenix Law Group, Corp., 17772 Irvine Boulevard, Suite 203, Tustin, California 92780, and at his current residence address at: Michael Charles Brkich, 2800 Keller Drive, Apt. 72, Tustin, California 92782-1007. The principal purpose of BRKICH's business is the collection of consumer debts due or alleged to be due another. BRKICH is regularly engaged in the business of collecting consumer debts by utilizing the U.S. Mail, telephone and internet. BRKICH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that BRKICH is liable for the acts of CREDIGY RECEIVABLES because he sets and approves CREDIGY RECEIVABLES collection policies, practices, procedures and he directed and directly participated in the unlawful activities described herein.

21. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

22.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by First Select, Inc. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

23.    On or about February 25, 2000, First Select Corporation filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *First Select Corporation v. Corazon Gaerlan Reyes*, Case No. 7-00-CV389947 (hereinafter the "*First Select v. Reyes* lawsuit").

24.    Thereafter, on May 25, 2000, the Superior Court of California granted a <u>Judgment by Default by Court</u> against REYES and in favor of First Select Corporation in the amount of $4,326.53 in the *First Select v. Reyes* lawsuit (hereinafter the "state court judgment"). As a result of the state court Judgment, any claims First Select Corporation may have had arising from the alleged debt were merged into the state court Judgment by operation of California law.[7]  A true and correct copy of the state court judgment is attached hereto and marked as Exhibit "4," and by this reference is incorporated herein.

25.    On or about December 27, 2002, First Select, Inc., sold, assigned or otherwise transferred a portfolio of consumer "accounts" to CREDIGY RECEIVABLES.  To facilitate the assignment of said "accounts," First Select, Inc., provided CREDIGY RECEIVABLES with power of

---

[7]  *Zastrow v. Zastrow*, 61 Cal. App. 3d 710, 714 (Cal. App. 3d Dist. 1976) ("Merger, then, replaces the obligations of the contract with those of the decree. . . . If, as the merger doctrine declares, the injured party may no longer seek enforcement of the contract and is relegated to enforcement of the decree, the merger itself has extinguished the contract's obligations."); See also, *M.H. Stein v. Garel Spainhour*, 196 Ill. App. 3d 65, 69 (Ill. App. Ct. 1990) ("The merger doctrine states that when a judgment based upon a contract or instrument is obtained, the instrument becomes entirely merged into the judgment.").

attorney "to take any and all appropriate actions to accomplish, and to execute and deliver any and all documents and instruments which may be necessary or desirable to accomplish, the purposes of [the] agreement." Plaintiff is informed or believes and thereon alleges that no judgments were assigned, sold or otherwise transferred in connection with the December 27, 2002 transaction between First Select, Inc. and CREDIGY RECEIVABLES. A true and correct redacted copy of the December 27, 2002, Purchase and Sale Agreement between First Select, Inc., and CREDIGY RECEIVABLES, is attached hereto and marked as Exhibit "5," and by this reference is incorporated herein.

26. Thereafter, on or about July 13, 2006, First Select, Inc., merged with and into WMB St. Helens, LLC, and thereafter ceased to exist. A true and correct copy of the Certificate of Merger filed with the Delaware Secretary of State is attached hereto and marked as Exhibit "6," and by this reference is incorporated herein.

27. Notwithstanding the fact that First Select, Inc., ceased to exist after July 13, 2006, on or about May 7, 2010, CREDIGY RECEIVABLES purportedly assigned the state court Judgment against Plaintiff to itself from First Select Corporation using the power of attorney granted to it by First Select, Inc., on December 30, 2002, for the limited purpose of transferring the "accounts" assigned to CREDIGY RECEIVABLES pursuant to the December 27, 2002, Purchase and Sale Agreement between First Select, Inc., and CREDIGY RECEIVABLES. Plaintiff is informed and believes and thereupon alleges that no judgments were assigned, sold or otherwise transferred in connection with the December 27, 2002, Purchase and Sale Agreement between First Select, Inc. and CREDIGY RECEIVABLES. Therefore, the purported assignment of the state court Judgment against Plaintiff was not authorized and was unlawful. A true and correct copy of the May 7, 2010, Assignment of Judgment filed by Defendants is attached hereto and marked as Exhibit "7," and by this reference is incorporated herein.

28.     Thereafter, on or about May 21, 2010, Defendants filed an <u>Application for and Renewal of Judgment</u> related to the state court judgment.  The <u>Application for and Renewal of Judgment</u> was signed by TANENBAUM on behalf of CREDIGY RECEIVABLES and RED HILL.  Because no judgments were assigned, sold or otherwise transferred to CREDIGY RECEIVABLES in connection with the December 27, 2002, <u>Purchase and Sale Agreement</u> between First Select, Inc., and CREDIGY RECEIVABLES, the <u>Application for and Renewal of Judgment</u> was not authorized and was unlawful.  A true and correct copy of the May 21, 2010, <u>Application for and Renewal of Judgment</u> is attached hereto and marked as Exhibit "8," and by this reference is incorporated herein.

29.     On or about December 9, 2010, Defendants requested and obtained an <u>Abstract of Judgment</u> from the Superior Court of California related to the state court judgment.  The <u>Abstract of Judgment</u> was signed by TANENBAUM on behalf of CREDIGY RECEIVABLES and RED HILL.  Because no judgments were assigned, sold or otherwise transferred to CREDIGY RECEIVABLES in connection with the December 27, 2002, <u>Purchase and Sale Agreement</u> between First Select, Inc., and CREDIGY RECEIVABLES, the <u>Abstract of Judgment</u> was not authorized and was unlawful.  A true and correct copy of the December 9, 2010, <u>Abstract of Judgment</u> is attached hereto and marked as Exhibit "9," and by this reference is incorporated herein.

30.     Thereafter, on or about November 14, 2011, Defendants filed a second lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Credigy Receivables, Inc. v. Corazon Gaerlan Reyes, et al.*, Case No. 1-11-CV-213007 (hereinafter the "foreclosure complaint").  Plaintiff is informed and believes, and thereon alleges that the foreclosure complaint was drafted by TANENBAUM, signed by WILLENS on behalf of PHOENIX and CREDIGY RECEIVABLES, and verified by BRKICH on behalf of CREDIGY RECEIVABLES.  A true and accurate copy of the <u>Verified Complaint for Judicial Foreclosure of Lien and Declaratory</u>

1  Relief is attached hereto, marked Exhibit "10," and by this reference is incorporated herein.

2        31.    The foreclosure complaint (Exhibit "10") falsely stated that:

3
4  FIRST SELECT CORPORATION assigned their interest in the judgment to Plaintiff in a transaction which gave Plaintiff all rights to collect the full amount of the obligation plus interest and costs from the judgment debtor.[8]

5
6        32.    In fact, CREDIGY RECEIVABLES was not assigned the state court Judgment

7  against Plaintiff from First Select Corporation.

8        33.    The foreclosure complaint (Exhibit "10") falsely stated that CREDIGY

9  RECEIVABLES' "judgment lien rights encumber the subject property and [CREDIGY

10  RECEIVABLES] is entitled to foreclose its lien and sell [Plaintiff's home] so as to satisfy the subject

11
12  judgment."[9]

13        34.    Because CREDIGY RECEIVABLES was not assigned the state court Judgment

14  against Plaintiff from First Select Corporation, CREDIGY RECEIVABLES had no factual or legal

15  basis to allege an entitlement to foreclosure of Plaintiff's home.

16        35.    The foreclosure complaint (Exhibit "10") falsely stated that CREDIGY

17  RECEIVABLES "holds a judgment lien on [Plaintiff's home]."[10]

18

19        36.    Because CREDIGY RECEIVABLES was not assigned the state court Judgment

20  against Plaintiff from First Select Corporation, Defendants had no factual or legal basis to allege that

21  CREDIGY RECEIVABLES held a valid and enforceable judgment lien on Plaintiff's home.

22        37.    As a result of the foreclosure complaint (Exhibit "10"), Plaintiff was required to

23
24  retain legal counsel at her own expense thereby incurring actual damages in the form of attorney fees

25  and costs.[11]

26  [8]  Exhibit "10" at ¶ 8.

27  [9]  Exhibit "10" at ¶ 11.
   [10]  Exhibit "10" at ¶ 15.

28  [11]  See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1),

- 13 -
COMPLAINT

1      38.   Thereafter, on March 9, 2012, the Honorable Peter H. Kirwan of the Superior

2  Court of California, County of Santa Clara, entered an <u>Order Re: Demurrer to Complaint</u> sustaining

3  Plaintiff's demurrer to the foreclosure complaint (Exhibit "10") filed by Defendants herein, stating:

4
5  > Defendant Corazon Gaerkan Reyes' demurrer to the second cause of action in plaintiff
   > Credigy Receivables, Inc.'s complaint on the grounds that the pleading does not state
6  > facts sufficient to constitute a cause of action [Code Civ. Proc., §430.10, subd. (e)] for
   > judicial foreclosure is SUSTAINED with 10 days' [sic] leave to amend.  "The most
7  > common procedure for collection of a money judgment is execution." (8 Witkin,
   > California Procedure (4th ed. 1997) Enforcement of Judgment, §93, p. 126.)  Plaintiff
8  > contends it is entitled to pursue equitable foreclosure, but does not adequately allege
   > why the equitable powers of the court should be employed in these circumstances.
9

10  A true and accurate copy of the <u>Order Re: Demurrer to Complaint</u> is attached hereto, marked Exhibit

11  "11," and by this reference is incorporated herein.

12      39.   Thereafter, on or about March 19, 2012, Defendants filed a <u>First Amended</u>

13  <u>Verified Complaint for Judicial Foreclosure of Lien and Declaratory Relief</u> in the state court

14
15  foreclosure action.   Plaintiff is informed and believes, and thereon alleges that the first amended

16  foreclosure complaint was drafted by TANENBAUM, signed by ROUNDY on behalf of PHOENIX

17  and CREDIGY RECEIVABLES, and verified by BRKICH on behalf of CREDIGY RECEIVABLES.

18  A true and accurate copy of the <u>First Amended Verified Complaint for Judicial Foreclosure of Lien and</u>

19  <u>Declaratory Relief</u> is attached hereto, marked Exhibit "12," and by this reference is incorporated herein.

20
21      40.   The first amended foreclosure complaint (Exhibit "12") falsely stated that:

22  > FIRST SELECT CORPORATION assigned their interest in the judgment to Plaintiff in
   > a transaction which gave Plaintiff all rights to collect the full amount of the obligation
23  > plus interest and costs from the judgment debtor.[12]

24      41.   In fact, CREDIGY RECEIVABLES was not assigned the state court Judgment

25  against Plaintiff from First Select Corporation.

26
27  and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS
    8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court
28  action as actual damages under 15 U.S.C. § 1692k).
    [12]  Exhibit "12" at ¶ 8.

42.   The first amended foreclosure complaint (Exhibit "12") falsely stated that CREDIGY RECEIVABLES' "judgment lien rights encumber the subject property and [CREDIGY RECEIVABLES] is entitled to foreclose its lien and sell [Plaintiff's home] so as to satisfy the subject judgment."[13]

43.   Because CREDIGY RECEIVABLES was not assigned the state court Judgment against Plaintiff from First Select Corporation, CREDIGY RECEIVABLES had no factual or legal basis to allege an entitlement to foreclosure of Plaintiff's home.

44.   The first amended foreclosure complaint (Exhibit "12") falsely stated that CREDIGY RECEIVABLES "holds a judgment lien on [Plaintiff's home]."[14]

45.   Because CREDIGY RECEIVABLES was not assigned the state court Judgment against Plaintiff from First Select Corporation, Defendants had no factual or legal basis to allege that CREDIGY RECEIVABLES held a valid and enforceable judgment lien on Plaintiff's home.

46.   As a result of Defendants filing the first amended foreclosure complaint (Exhibit "12"), Plaintiff was required to incur additional attorney fees and costs.[15]

47.   Thereafter, Plaintiff filed a demurrer to Defendants' First Amended Verified Complaint for Judicial Foreclosure of Lien and Declaratory Relief on the grounds that a Complaint for judicial foreclosure is not a lawful method to enforce a judgment lien against real property as a matter of law in California.   Instead of opposing Plaintiff's demurrer to their First Amended Verified Complaint for Judicial Foreclosure of Lien and Declaratory Relief, Defendants unilaterally filed a Request for Dismissal Without Prejudice in the state court foreclosure action on May 18, 2012.   A true

---

[13]   Exhibit "12" at ¶ 11.
[14]   Exhibit "12" at ¶ 16.
[15]   See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

and accurate copy of Defendants' <u>Request for Dismissal Without Prejudice</u> is attached hereto, marked Exhibit "13," and by this reference is incorporated herein.

48.    As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

49.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "10" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

50.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

51.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

52.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

53.    Defendant, CREDIGY RECEIVABLES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

54.    Defendant, CREDIGY SERVICING, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

55.    Defendant, PHOENIX, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56.    Defendant, RED HILL, is a "debt collector" as that term is defined by the FDCPA,

1  15 U.S.C. § 1692a(6).

2      57.   Defendant, TENENBAUM, is a "debt collector" as that term is defined by the

3  FDCPA, 15 U.S.C. § 1692a(6).

4      58.   Defendant, WILLENS, is a "debt collector" as that term is defined by the FDCPA,

5  15 U.S.C. § 1692a(6).

6

7      59.   Defendant, ROUNDY, is a "debt collector" as that term is defined by the FDCPA,

8  15 U.S.C. § 1692a(6).

9      60.   Defendant, BRKICH, is a "debt collector" as that term is defined by the FDCPA,

10  15 U.S.C. § 1692a(6).

11
12     61.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

13  defined by the FDCPA, 15 U.S.C. § 1692a(5).

14     62.   Defendants have violated the FDCPA.  The violations include, but are not limited

15  to, the following:

16         a.   Defendants engaged in conduct the natural consequence was to abuse, annoy

17  and harass Plaintiff, in violation of 15 U.S.C. § 1692d;

18

19         b.   Defendants made and used false, deceptive and misleading representations

20  in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

21         c.   Defendants misrepresented the character, amount or legal status of the

22  alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

23
24         d.   Defendants misrepresented the compensation which may be lawfully

25  received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. §

26  1692e(2)(B);

27         e.   Defendants misrepresented that CREDIGY RECEIVABLES was lawfully

28

- 17 -
COMPLAINT

entitled to collect the alleged debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

   f. Defendants attempted to collect a dormant judgment from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

   g. Defendants attempted to judicially foreclose Plaintiff's home, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

   h. Defendants engaged in an unfair and unconscionable practices in an attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

   i. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

  63. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  64. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

  65. Plaintiff brings the second claim for relief against all Defendants except, WILLENS and ROUNDY, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

  66. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

  67. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

1788.2(h).

68. Defendant, CREDIGY RECEIVABLES, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

69. Defendant, CREDIGY SERVICING, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

70. Defendant, PHOENIX, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

71. Defendant, RED HILL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

72. Defendant, TENENBAUM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

73. Defendant, BRKICH, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

74. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

75. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants engaged in conduct the natural consequence was to abuse, annoy and harass Plaintiff, in violation of Cal. Civil Code § 1788.17;[16]

    b. Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[17]

    c. Defendants misrepresented the character, amount or legal status of the

---

[16] 15 U.S.C. § 1692d.
[17] 15 U.S.C. §§ 1692e and 1692e(10).

- 19 -
COMPLAINT

alleged debt, in violation of Cal. Civil Code § 1788.17;[18]

   d. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[19]

   e. Defendants misrepresented that CREDIGY RECEIVABLES was lawfully entitled to collect the alleged debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(l) and 1788.17;[20]

   f. Defendants attempted to collect a dormant judgment from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[21]

   g. Defendants attempted to judicially foreclose Plaintiff's home, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[22]

   h. Defendants engaged in an unfair and unconscionable practices in an attempt to collect a debt, in violation of Cal. Civil Code § 1788.17;[23] and

   i. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[24]

   76. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

   77. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

---

[18] 15 U.S.C. § 1692e(2)(A).
[19] 15 U.S.C. § 1692e(2)(B).
[20] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[21] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[22] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[23] 15 U.S.C. § 1692f.
[24] 15 U.S.C. § 1692f(1).

1    award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §

2    1788.30(a).

3            78.    As a result of Defendants' willful and knowing violations of the RFDCPA,

4

5    Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

6    ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil

7    Code § 1788.30(b).

8            79.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

9

10    award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to

11    Cal. Civil Code § 1788.17.[25]

12            80.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

13    award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[26]

14            81.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

15    are intended to be cumulative and in addition to any other procedures, rights or remedies that the

16    Plaintiff may have under any other provision of law.

17

18                             **MALICIOUS PROSECUTION**

19            82.    Plaintiff brings the third claim for relief against all Defendants for

20            83.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

21    herein.

22            84.    Defendants herein, prepared and filed a baseless, meritless lawsuit against

23

24    Plaintiff.

25            85.    Defendants herein were all actively involved in bringing and/or maintenance of

26    the wrongful underlying lawsuit.

27

28    [25] 15 U.S.C.§ 1692k(a)(2)(A).
        [26] 15 U.S.C.§ 1692k(a)(3).

86.   Defendants were on notice a lawsuit, based on the circumstances herein, was a "Sham."

87.   No reasonable person in Defendants' above circumstances would have believed that there were reasonable grounds to bring, and/or maintain, the baseless lawsuit against Plaintiff.

88.   Defendants herein acted primarily for a purpose other than succeeding on the merits of the case, including to gain leverage to extort money in an attempt to collect a debt from Plaintiff.

89.   Plaintiff was harmed, and suffered serious and severe emotional distress, as well as the panoply of psychological pressures one is expected to experience when wrongfully sued.

90.   Defendants actions, conduct, and inaction actually and proximately caused and were a substantial factor in causing Plaintiff emotional distress.

91.   Defendants above acted with conscious disregard of the rights and safety of Plaintiff and reckless indifference regarding Plaintiff and and the merits of its lawsuit.

92.   It was clearly foreseeable that Defendants' wrongful actions, conduct, and inaction could cause harm and severe emotional distress.

## PUNITIVE DAMAGES

93.   Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, reprehensible, despicable and oppressive and was intended to harm Plaintiff.

94.   Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

95.   It is the pattern and practice, and intentional business plan of Defendants to ignore and disregard the rights of consumers such as Plaintiff.   This conduct has the natural consequence to

annoy, harass, oppress and abuse.

96.     Defendants are liable for reasonable punitive damages in an amount sufficient to punish and educate Defendants and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(l), 1788.14(b), and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not exceeding $1,000 against each defendant, pursuant to Cal. Civil Code § 1788.17;[27]

h)   Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' malicious prosecution of Plaintiff;

i)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

---

[27] 15 U.S.C. § 1692k(a)(2)(A).

1   U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[28] and 1788.30(c); and

2      j)   Award Plaintiff such other and further relief as may be just and proper.

3                                      CONSUMER LAW CENTER, INC.

4

5   By: /s/ Fred W. Schwinn

6   Fred W. Schwinn (SBN 225575)
       CONSUMER LAW CENTER, INC.

7   12 South First Street, Suite 1014
       San Jose, California  95113-2418

8   Telephone Number: (408) 294-6100
       Facsimile Number: (408) 294-6190

9   Email Address: fred.schwinn@sjconsumerlaw.com

10

11  Ronald Wilcox (SBN 176601)
       LAW OFFICE OF RONALD E. WILCOX

12  1900 The Alameda, Suite 530
       San Jose, California  95126-1122

13  Telephone Number: (408) 296-0400
       Facsimile Number: (408) 296-0486

14  Email Address: ronaldwilcox@yahoo.com

15  Attorneys for Plaintiff
       CORAZON GAERLAN REYES

16

17  **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

18

19  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

20  parties, there is no such interest to report.

21                             /s/ Fred W. Schwinn
                           Fred W. Schwinn, Esq.

22

23  **DEMAND FOR JURY TRIAL**

24        PLEASE TAKE NOTICE that Plaintiff, CORAZON GAERLAN REYES, hereby demands a

25  trial by jury of all triable issues of fact in the above-captioned case.

26

27                             /s/ Fred W. Schwinn
                           Fred W. Schwinn, Esq.

28
_____
[28] 15 U.S.C. § 1692k(a)(3).