(ENDORSED)
**FILED**

MAY 21 2010

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

A. Ilas

1  JAY M. TENENBAUM, BAR NUMBER 134221
   RED HILL LAW GROUP, PC
2  17772 IRVINE BOULEVARD, SUITE 203
   TUSTIN, CALIFORNIA 92780
3

4  Attorneys for Assignee,
   CREDIGY RECEIVABLES, INC.
5

6

7                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                            COUNTY OF SANTA CLARA

9

10 FIRST SELECT CORPORATION              )  CASE NO:  7-00-CV-389947
                                         )
11          Plaintiff,                   )
                                         )  ASSIGNMENT OF JUDGMENT
12     v.                                )
                                         )
13 CORAZON GAERLAN REYES                 )
                                         )
14          Defendant                    )
                                         )
15                                       )
                                         )
16

17     THIS INDENTURE, is made this 30th day of December, 2002 between First Select

18 Corporation (the "Assignor"), 1600 Ormsby Station Court, Louisville, Kentucky 40223, and

19 Credigy Receivables, Inc. (the "Assignee"), 2877 Paradise Road, Suite 303, Las Vegas, Nevada
   89109.

20

21     WHEREAS, on May 25, 2000, the Judgment was entered in the above referenced court in

22 favor of the Assignor and against Corazon Gaerlan Reyes, whose last known address is 651 Novak
   Dr., San Jose, CA 95127-1552, in the principal sum of $4,099.33 plus interest, costs and/or

23 attorney's fees; and;

24     WHEREAS, the Assignee acquired the Judgment pursuant to that certain Purchase and

25 Sale Agreement, dated as of December 27, 2002, by and between the Assignor and the Assignee.

26     NOW THEREFORE WITNESSETH, that the Assignor, in consideration of $10.00

27 received and duly paid and other good and valuable consideration has sold, assigned and
   transferred and by these presents hereby sells, assigns and transfers to the Assignee, the Judgment

28 and all monies that may be had or obtained by means thereof, or upon any proceedings to be had
   thereupon.  The Assignee has the right to initiate all lawful proceedings for the money due or to

                                         1
                            ASSIGNMENT OF JUDGMENT

EXHIBIT
7
tabbies

become due on the judgment; and upon payment, to acknowledge satisfaction or discharge the same. The Assignor hereby covenants that the judgment, including interest and costs, is now due and remains unpaid and that the Assignor will not collect or receive the same or any part thereof nor release or discharge the Judgment.  The Assignor hereby authorizes all lawful proceedings to be taken by the Assignee pursuant to the Power of Attorney given to the Assignee by the Assignor on December 30, 2002, a copy of which is attached as <u>Exhibit A</u> hereto and incorporated herein by reference.

DATED: __5/7/10__

**First Select Corporation, Assignor**          **Credigy Receivables, Inc., Assignee**

By: Credigy Receivables, Inc.
Attorney in Fact for First Select Corporation

BY: _____          BY: _____
    Jason Harrison                           Jason Harrison
    Assistant Vice president             Assistant Vice President
    Credigy Receivables, Inc.           Credigy Receivables, Inc.

## Notary Acknowledgment

State of Georgia    )
County of Gwinnett ) ss.

On _5/7/2010_, before me, _Felicite Medic_, personally appeared **Jason Harrison** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity(ies), and that by his signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _____

JurisDocuments.com

EXHIBIT "A"

## POWER OF ATTORNEY – PURCHASE AND SALE AGREEMENT

(a) First Select, Inc., a Delaware corporation ("Seller"), hereby irrevocably constitutes and appoints Credigy Receivables, Inc., a Nevada corporation ("Attorney"), with full power of substitution, acting through any officer, employee or agent appointed by Attorney, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Seller and in its own name, or, if specifically authorized below, in the name of Seller, from time to time, for the purpose of carrying out the terms of that certain Purchase and Sale Agreement, dated as of December 27, 2002, by and between Seller and Attorney as Purchaser thereunder (collectively the "Agreement"; capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement) to take any and all appropriate action to accomplish, and to execute and deliver any and all documents and instruments which may be necessary or desirable to accomplish, the purposes of the Agreement; and, without limiting the generality of the foregoing, Seller hereby grants to Attorney, the power and right, at any time, to do the following:

(i) in the name of Seller or in its own name, endorse Seller's name upon any checks, drafts, notes, acceptances, money orders and other remittances received by Seller or Purchaser on account of the Acquired Assets;

(ii) in Attorney's own name, direct any party liable for any payment under or in respect of any of the Acquired Assets to make payment of any and all monies due or to become due thereunder, directly to Attorney or Purchaser or as Attorney shall direct;

(iii) in Attorney own name, to sign and endorse any invoices express bills, drafts against debtors, assignments, verifications, and notices in connection with accounts and other documents constituting or related to the Acquired Assets;

(iv) in Attorney's own name, settle, compromise or adjust any suit, action, or proceeding described above and, in connection therewith, give such discharges or releases as Attorney may deem appropriate;

(v) in Attorney's own name, file any claim or take or commence any other action or proceeding in any court of law or equity or otherwise deemed appropriate by Attorney for the purpose of collecting any and all such monies due under the Acquired Assets whenever payable;

(vi) in Attorney's own name, commence and prosecute any suits, actions or proceedings of law or equity in any court of competent jurisdiction to enforce any other right in respect of the Acquired Assets;

(vii) in Attorney own name, defend any suit, action or proceeding brought against Seller with respect to the Acquired Assets if Seller does not defend such suit, action or proceeding, or if Attorney believes that Seller is not pursuing such defense in a manner that will maximize the recovery with respect to the Acquired Assets; and

*Power of Attorney (Agreement)*

1

(viii) (A) in Seller's name (provided Attorney's status as attorney-in-fact is disclosed) or in Attorney's own name, execute such documents as are necessary or desirable to:

(1) assign Seller's right, title and interest in and to Judgments relating to the Accounts;

(2) substitute Purchaser for Seller as plaintiff in any litigation or bankruptcy proceeding or;

(3) assign Seller's right, title and interest in Accounts subject to consumer credit counseling service agreements, and

(B) in Attorney's own name, execute such pleadings, instruments, assignments, bills, receipts, affidavits, certifications and other documents as Attorney deems necessary to effectuate the full transfer of the Acquired Assets to Purchaser or to assist in the enforcement or collection of any Acquired Asset; and

(b) Seller hereby authorizes Attorney shall lawfully, and in accordance with the Agreement, do or cause to be done by virtue hereof and waives notice of presentment, protest and dishonor of any instrument endorsed by Attorney pursuant to this Power of Attorney or in connection with the transactions contemplated by the Agreement. The power of attorney granted pursuant to this Power of Attorney is a power coupled with an interest and shall be irrevocable for a period commencing on the Servicing Transfer Date and ending twenty-four (24) months thereafter.

(c) The powers conferred on Attorney hereunder are solely to protect Purchaser's interests in the Acquired Assets and shall not impose any duty upon it to exercise any such powers. Attorney shall not be responsible to Seller for any act taken in good faith and with due care to protect Purchaser's interest, or any failure to take such action.

(d) Notwithstanding any other provisions herein, this Power of Attorney is subject to the terms and conditions of the Agreement.

IN WITNESS WHEREOF, the undersigned has executed this Power of Attorney this of December 30TH, 2002.

FIRST SELECT, INC.

By: _____

Name: Anthony Vusto

Title: Chief Financial Officer

425765352.2

*Power of Attorney (Agreement)*

2