

```
Ian Willens, Bar No. 274245
PHOENIX LAW GROUP CORP.
17772 Irvine Blvd., Suite 203
Tustin, CA  92780
Telephone:  (888) 479-7466
Facsimile:  (714) 832-8592

Attorneys for Plaintiff,
CREDIGY RECEIVABLES, INC.
```

ENDORSED

2011 NOV 14  A 0: 53

[clerk stamp]

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA-SAN JOSE

**111CV213007**

| | |
|---|---|
| CREDIGY RECEIVABLES, INC.<br><br>         Plaintiff,<br><br>     v.<br><br>CORAZON GAERLAN REYES aka CORAZON G. REYES; and DOES 1 to 25, inclusive,<br><br>         Defendants | CASE NO:<br><br>DEMAND EXCEEDS $25,000.00<br><br>**VERIFIED COMPLAINT FOR JUDICIAL FORECLOSURE OF LIEN AND DECLARATORY RELIEF**<br><br>[Judgment Lien]<br><br>UNLIMITED CIVIL CASE |

COMES NOW Plaintiff, CREDIGY RECEIVABLES, INC. and complains and alleges as follows:

1. Plaintiff is, and at all times relevant to this action was, a corporation organized under the laws of the State of Nevada and engaged in the business of debt collection.

2. Plaintiff is informed and believes that Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES; is an individual, resided at all times relevant and continues to reside in Santa Clara County, California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants named herein, including the fictitiously named Doe

EXHIBIT 10

Defendants, is or was the agent, employee and/or representative of each of the other Defendants named herein, and in doing the things herein alleged was acting within the course and scope of such agency and employment and with the permission and consent of his or her or its Defendants and/or principals. Each and every of the allegations alleged herein as to any Defendant are also made as to each other Defendant, including the fictitiously named Defendants. On information and belief, each of the Defendants, including the fictitiously named Doe Defendants, has ratified and adopted the actions, statements, representations and inactions of each and every other Defendant.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-25, inclusive, and therefore sue each Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff as herein alleged were proximately caused by their conduct.

5. The real property on which plaintiff seeks foreclosure is located at 651 Novak Dr., San Jose CA 95127-1552, Santa Clara County, and is a single family residential and is currently titled to Teodoro O. Reyes and CORAZON G. REYES, husband and wife as joint tenants. The legal description of the subject property is:

> LOT 10, AS SHOWN ON THAT CERTAIN MAP OF TRACT NO. 3710, WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA ON JUNE 19, 1964, IN BOOK 181 OF MAPS, PAGE(S) 16 AND 17.
> EXCEPTING THEREFROM THE UNDERGROUND WATER OR RIGHTS THERETO, WITH NO RIGHT OF SURFACE ENTRY, AS GRANTED TO SAN JOSE WATER WORKS, A CALIFORNIA CORPORATION BY INSTRUMENT RECORDED JULY 23, 1964 IN BOOK 6595, PAGE 397, OFFICIAL RECORDS.

APN: 559-14-055

I. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

6. Plaintiff refers to Paragraphs 1 through 5 above and incorporates herein the allegations of said Paragraphs by reference as though set forth herein at length.

7. On or about May 25, 2000, Plaintiff's predecessor in interest obtained a money judgment in the sum of $8,200.58 against defendant CORAZON GAERLAN REYES in the Superior Court of Santa Clara entitled: <u>FIRST SELECT CORPORATION v. CORAZON GAERLAN REYES</u>, Case No. 7-00-CV-389947. Said judgment was perfected by the filing of an Abstract of Judgment and recording said abstract on December 27, 2010 in the county where defendant resided at the time of the entry of judgment, as instrument No. 21023186. A copy of said Abstract of Judgment is attached hereto, marked as Exhibit "A" and made a part hereof by reference.

8. FIRST SELECT CORPORATION assigned their interest in the judgment to Plaintiff in a transaction which gave Plaintiff all rights to collect the full amount of the obligation plus interest and costs from the judgment debtor. A copy of the Assignment of Judgment is attached hereto as Exhibit "B" and made a part hereof by reference.

9. Public record shows that CORAZON GAERLAN REYES aka CORAZON G. REYES; is on title to the property located at 651 Novak Dr., San Jose CA 95127-1552. To date, the lien recorded on December 27, 2010 has not been satisfied.

10. On or about September 15, 2004, a deed of trust securing an original indebtedness of $237,500.00 was recorded in the County of Santa Clara by beneficiary World Savings Bank, FSB., its successors and/or assignees, a Federal Savings Bank, as Instrument No. 18001589 of the Official Records of said county. The Trustor(s) of said deed of trust was, SUNSHINE G. REYES, an unmarried woman, the Trustee of said deed of trust was Golden West Savings Association Service Co., a California Corporation. A document recorded May 19, 2010 as Instrument No. 20715965 of Official Records provides that Executive Trustee Services, LLC dba ETS Services, LLC was substituted as trustee under the deed of trust.

11. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them concerning their respective rights and duties in that Plaintiff is informed and believes that its judgment lien rights encumber the subject property and it is entitled to foreclose its lien and sell Defendant CORAZON GAERLAN REYES aka CORAZON G. REYES's interest in the subject property so as to satisfy the subject judgment.

12. Plaintiff seeks a judicial determination of its rights, entitlements and duties with regard to Plaintiff's judgment, its judicial lien interest and its rights to execute enforce and otherwise foreclose on said lien and sell Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES's interest in the property so as to satisfy the subject judgment.

13. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights, entitlements and duties with respect to its judicial lien created on the subject property. Without a judicial declaration, Plaintiff's ability to foreclosure its lien and sell the property would remain unsettled.

## II. SECOND CAUSE OF ACTION FOR FORECLOSURE OF LIEN

14. Plaintiff refers to Paragraphs 1 through 13 above and incorporates herein the allegations of said Paragraphs by reference as though set forth herein at length.

15. Plaintiff holds a judgment lien on the property located at 651 Novak Dr., San Jose CA 95127-1552.

16. The subject property is currently owned by Teodoro O. Reyes and CORAZON G. REYES, husband and wife as joint tenants.

17. The property interest sought to be foreclosed is the interest of Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES, only.

18. Plaintiff has demanded in writing that defendant pay the full amount of the aforesaid judgment plus interest, but defendant has failed and refused, and still fail and refuse, to make the payment, or any part thereof, and no part of the judgment has been paid.

WHEREFORE, plaintiff prays for judgment as follows:

1. For a judicial declaration of the rights, entitlements and duties of plaintiff, that the property remains burdened, encumbered and subject to the Plaintiff's judgment lien;
2. For a judicial declaration that Plaintiff is entitled to execute on, enforce and foreclose said lien(s) against the subject real property and/or against Defendants, and each of them, as well as Does 1-25.;
3. That the Plaintiff's judgment lien(s) be foreclosed on the interest of CORAZON GAERLAN REYES aka CORAZON G. REYES in aforesaid property, and the usual judgment be made for the sale of the property according to the law by the levying officer or receiver, as may be ordered or appointed by the Court.
4. That the claims of defendants DOES 1 through 25 to the property be adjudged subject, subsequent, and subordinate to the judgment lien;
5. That the proceeds of the sale be used to pay and satisfy Plaintiff's judgment lien, with the balance of the proceeds, if any, to be disbursed as the Court directs and according to Law;
6. That defendants and all persons claiming under them, after the execution of the judgment lien, as lien claimants, judgment creditors, claimants under a junior deed of trust or mortgage, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the property encumbered by the judgment lien;
7. That the court award Plaintiff judgment and execution against defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES, and each of them, for any deficiency that may remain after applying all proceeds of the sale of the subject property duly applicable to satisfy the sum of $8,200.58 plus accrued interest, attorneys fees and costs as requested under paragraphs 11-14, below, of this demand for judgment.

8. That Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale;

9. That the levying officer, after the time of redemption has elapsed, execute a deed to the purchaser at the foreclosure sale according to law, and that the purchaser be let into possession of the property on production of that deed;

10. That the Court approve and appoint a Receiver to arrange for the sale of the subject real property and otherwise carry out the duties necessary to effectuate the sale of the subject property;

11. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, interest at the rate of 10% per annum from on and after May 21, 2010. Interest continues to accrue at the daily rate of $2.25 per day until the judgment is satisfied in full.

12. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, costs of suit incurred herein;

13. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, reasonable attorney fees in a sum according to proof or a sum that the court deems reasonable;

14. That the court award such other and further relief as it may deem proper.

Dated: November 2, 2011

_/s/ Ian Willens_
Ian Willens
Attorney for Plaintiff

# Exhibit A

CONFORMED COPY: This document has not compared with the original
SANTA CLARA COUNTY CLERK-RECORDER

Doc#: 21023166
12/27/2010 2:10 PM

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):
Recording requested by and return to:
JAY M. TENENBAUM, SBN 134221
RED HILL LAW GROUP, PC
17772 IRVINE BLVD., STE. 203
TUSTIN, CA 92780

[✓] ATTORNEY FOR  [ ] JUDGMENT CREDITOR  [✓] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. 1ST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME:

PLAINTIFF: FIRST SELECT, INC.
DEFENDANT: CORAZON GAERLAN REYES

CASE NUMBER: 7-00-CV-389947

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**  [ ] Amended

1. The [ ] judgment creditor [✓] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      
      CORAZON GAERLAN REYES
      651 NOVAK DR
      SAN JOSE, CA 95127-1552
   
   b. Driver's license no. [last 4 digits] and state: [✓] Unknown
   c. Social security no. [last 4 digits]: [✓] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): 651 NOVAK DR., SAN JOSE, CA 95127-1552

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Credigy Receivables, Inc., 2877 Paradise Rd., Suite 303, Las Vegas, NV 89109
   Date: August , 2010
   JAY M. TENENBAUM
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

6. Total amount of judgment as entered or last renewed: $ 8,200.58
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 05/25/2000
   b. Renewal entered on (date): 05/21/2010
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [✓] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [✓] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]
DAVID H YAMASAKI
Chief Executive Officer Clerk
This abstract issued on (date):
DEC - 9 2010

Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: FIRST SELECT, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: CORAZON GAERLAN REYES | 7-00-CV-389947 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

# Exhibit B

JAY M. TENENBAUM, BAR NUMBER 134221
RED HILL LAW GROUP, PC
17772 IRVINE BOULEVARD, SUITE 203
TUSTIN, CALIFORNIA 92780

Attorneys for Assignee,
CREDIGY RECEIVABLES, INC.

(ENDORSED)
FILED
MAY 21 2010
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
A. Ilas

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| FIRST SELECT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>CORAZON GAERLAN REYES<br><br>Defendant | CASE NO: 7-00-CV-389947<br><br>ASSIGNMENT OF JUDGMENT |

THIS INDENTURE, is made this 30th day of December, 2002 between First Select Corporation (the "Assignor"), 1600 Ormsby Station Court, Louisville, Kentucky 40223, and Credigy Receivables, Inc. (the "Assignee"), 2877 Paradise Road, Suite 303, Las Vegas, Nevada 89109.

WHEREAS, on May 25, 2000, the Judgment was entered in the above referenced court in favor of the Assignor and against Corazon Gaerlan Reyes, whose last known address is 651 Novak Dr., San Jose, CA 95127-1552, in the principal sum of $4,099.33 plus interest, costs and/or attorney's fees; and;

WHEREAS, the Assignee acquired the Judgment pursuant to that certain Purchase and Sale Agreement, dated as of December 27, 2002, by and between the Assignor and the Assignee.

NOW THEREFORE WITNESSETH, that the Assignor, in consideration of $10.00 received and duly paid and other good and valuable consideration has sold, assigned and transferred and by these presents hereby sells, assigns and transfers to the Assignee, the Judgment and all monies that may be had or obtained by means thereof, or upon any proceedings to be had thereupon. The Assignee has the right to initiate all lawful proceedings for the money due or to

1
ASSIGNMENT OF JUDGMENT

become due on the judgment; and upon payment, to acknowledge satisfaction or discharge the same. The Assignor hereby covenants that the judgment, including interest and costs, is now due and remains unpaid and that the Assignor will not collect or receive the same or any part thereof nor release or discharge the Judgment. The Assignor hereby authorizes all lawful proceedings to be taken by the Assignee pursuant to the Power of Attorney given to the Assignee by the Assignor on December 30, 2002, a copy of which is attached as <u>Exhibit A</u> hereto and incorporated herein by reference.

DATED: 5/7/10

First Select Corporation, Assignor      Credigy Receivables, Inc., Assignee

By: Credigy Receivables, Inc.
Attorney in Fact for First Select Corporation

BY: _____           BY: _____
Jason Harrison                                            Jason Harrison
Assistant Vice president                              Assistant Vice President
Credigy Receivables, Inc.                           Credigy Receivables, Inc.

2
ASSIGNMENT OF JUDGMENT

## Notary Acknowledgment

State of Georgia     )
County of Gwinnett  ) ss.

On **5/7/2010**, before me, **Felicite Medric**, personally appeared <u>Jason Harrison</u> personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity(ies), and that by his signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

JurisDocuments.com

[Notary Seal: FELICITE MEDRIE, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES APRIL 3, 20__]

EXHIBIT "A"

POWER OF ATTORNEY – PURCHASE AND SALE AGREEMENT

(a) First Select, Inc., a Delaware corporation ("Seller"), hereby irrevocably constitutes and appoints Credigy Receivables, Inc., a Nevada corporation ("Attorney"), with full power of substitution, acting through any officer, employee or agent appointed by Attorney, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Seller and in its own name, or, if specifically authorized below, in the name of Seller, from time to time, for the purpose of carrying out the terms of that certain Purchase and Sale Agreement, dated as of December 27, 2002, by and between Seller and Attorney as Purchaser thereunder (collectively the "Agreement"; capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement) to take any and all appropriate action to accomplish, and to execute and deliver any and all documents and instruments which may be necessary or desirable to accomplish, the purposes of the Agreement; and, without limiting the generality of the foregoing, Seller hereby grants to Attorney, the power and right, at any time, to do the following:

(i) in the name of Seller or in its own name, endorse Seller's name upon any checks, drafts, notes, acceptances, money orders and other remittances received by Seller or Purchaser on account of the Acquired Assets;

(ii) in Attorney's own name, direct any party liable for any payment under or in respect of any of the Acquired Assets to make payment of any and all monies due or to become due thereunder, directly to Attorney or Purchaser or as Attorney shall direct;

(iii) in Attorney own-name, to sign and endorse any invoices, express bills, drafts against debtors, assignments, verifications, and notices in connection with accounts and other documents constituting or related to the Acquired Assets;

(iv) in Attorney's own name, settle, compromise or adjust any suit, action, or proceeding described above and, in connection therewith, give such discharges or releases as Attorney may deem appropriate;

(v) in Attorney's own name, file any claim or take or commence any other action or proceeding in any court of law or equity or otherwise deemed appropriate by Attorney for the purpose of collecting any and all such monies due under the Acquired Assets whenever payable;

(vi) in Attorney's own name, commence and prosecute any suits, actions or proceedings of law or equity in any court of competent jurisdiction to enforce any other right in respect of the Acquired Assets;

(vii) in Attorney own name, defend any suit, action or proceeding brought against Seller with respect to the Acquired Assets if Seller does not defend such suit, action or proceeding or if Attorney believes that Seller is not pursuing such defense in a manner that will maximize the recovery with respect to the Acquired Assets; and

*Power of Attorney (Agreement)*

1

(viii) (A) in Seller's name (provided Attorney's status as attorney-in-fact is disclosed) or in Attorney's own name, execute such documents as are necessary or desirable to:

(1) assign Seller's right, title and interest in and to judgments relating to the Accounts;
(2) substitute Purchaser for Seller as plaintiff in any litigation or bankruptcy proceeding or;
(3) assign Seller's right, title and interest in Accounts subject to consumer credit counseling service agreements, and

(B) in Attorney's own name, execute such pleadings, instruments, assignments, bills, receipts, affidavits, certifications and other documents as Attorney deems necessary to effectuate the full transfer of the Acquired Assets to Purchaser or to assist in the enforcement or collection of any Acquired Asset; and

(b) Seller hereby authorizes Attorney shall lawfully, and in accordance with the Agreement, do or cause to be done by virtue hereof and waives notice of presentment, protest and dishonor of any instrument endorsed by Attorney pursuant to this Power of Attorney or in connection with the transactions contemplated by the Agreement. The power of attorney granted pursuant to this Power of Attorney is a power coupled with an interest and shall be irrevocable for a period commencing on the Servicing Transfer Date and ending twenty-four (24) months thereafter.

(c) The powers conferred on Attorney hereunder are solely to protect Purchaser's interests in the Acquired Assets and shall not impose any duty upon it to exercise any such powers. Attorney shall not be responsible to Seller for any act taken in good faith and with due care to protect Purchaser's interest, or any failure to take such action.

(d) Notwithstanding any other provisions herein, this Power of Attorney is subject to the terms and conditions of the Agreement.

IN WITNESS WHEREOF, the undersigned has executed this Power of Attorney this of December 30TH, 2002.

FIRST SELECT, INC.

By: _____
Name: Anthony Vuoto
Title: Chief Financial Officer

40576533.2

*Power of Attorney (Agreement)*

2

# VERIFICATION
## CCP 446, 2015.5

STATE OF CALIFORNIA

COUNTY OF ORANGE

I, MICHAEL C. BRKICH, am an authorized agent of CREDIGY RECEIVABLES, INC., the Plaintiff herein. I have read the foregoing COMPLAINT FOR JUDICIAL FORECLOSURE OF LIEN AND DECLARATORY RELIEF and know the contents thereof; and I certify that the same are true to my knowledge, except as to those matters, which are therein stated upon my information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on November 2, 2011, at Tustin, California.

*Michael C. Brkich*

Michael C. Brkich