Ronald Roundy, Esq., Bar No. 276879
PHOENIX LAW GROUP CORP.
17772 Irvine Blvd., Suite 203
Tustin, CA 92780
Telephone: (888) 479-7466
Facsimile: (714) 832-8592

Attorneys for Plaintiff,
CREDIGY RECEIVABLES, INC.

ENDORSED FILED
2012 MAR 19 P 4:30
David H. Yamasaki, Chief of the Superior Court
County of Santa Clara, California
By_____ Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA-SAN JOSE

| | |
|---|---|
| CREDIGY RECEIVABLES, INC. <br><br> Plaintiff, <br><br> v. <br><br> CORAZON GAERLAN REYES aka CORAZON G. REYES; and DOES 1 to 25, inclusive, <br><br> Defendants | CASE NO: 111 CV 213007 <br><br> DEMAND EXCEEDS $25,000.00 <br> **FIRST AMENDED** <br> **VERIFIED COMPLAINT FOR** <br> **JUDICIAL FORECLOSURE OF LIEN** <br> **AND DECLARATORY RELIEF** <br><br> [Judgment Lien] <br><br> UNLIMITED CIVIL CASE |

COMES NOW Plaintiff, CREDIGY RECEIVABLES, INC. and complains and alleges as follows:

1. Plaintiff is, and at all times relevant to this action was, a corporation organized under the laws of the State of Nevada and engaged in the business of debt collection.

2. Plaintiff is informed and believes that Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES; is an individual, resided at all times relevant and continues to reside in Santa Clara County, California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants named herein, including the fictitiously named Doe

Defendants, is or was the agent, employee and/or representative of each of the other Defendants named herein, and in doing the things herein alleged was acting within the course and scope of such agency and employment and with the permission and consent of his or her or its Defendants and/or principals. Each and every of the allegations alleged herein as to any Defendant are also made as to each other Defendant, including the fictitiously named Defendants. On information and belief, each of the Defendants, including the fictitiously named Doe Defendants, has ratified and adopted the actions, statements, representations and inactions of each and every other Defendant.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-25, inclusive, and therefore sue each Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff as herein alleged were proximately caused by their conduct.

5. The real property on which plaintiff seeks foreclosure is located at 651 Novak Dr., San Jose CA 95127-1552, Santa Clara County, and is a single family residential and is currently titled to Teodoro O. Reyes and CORAZON G. REYES, husband and wife as joint tenants. The legal description of the subject property is:

> LOT 10, AS SHOWN ON THAT CERTAIN MAP OF TRACT NO. 3710, WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA ON JUNE 19, 1964, IN BOOK 181 OF MAPS, PAGE(S) 16 AND 17.
> EXCEPTING THEREFROM THE UNDERGROUND WATER OR RIGHTS THERETO, WITH NO RIGHT OF SURFACE ENTRY, AS GRANTED TO SAN JOSE WATER WORKS, A CALIFORNIA CORPORATION BY INSTRUMENT RECORDED JULY 23, 1964 IN BOOK 6595, PAGE 397, OFFICIAL RECORDS.
>
> APN: 559-14-055

## I. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

6. Plaintiff refers to Paragraphs 1 through 5 above and incorporates herein the allegations of said Paragraphs by reference as though set forth herein at length.

7. On or about May 25, 2000, Plaintiff's predecessor in interest obtained a money judgment in the sum of $8,200.58 against defendant CORAZON GAERLAN REYES in the Superior Court of Santa Clara entitled: FIRST SELECT CORPORATION v. CORAZON GAERLAN REYES, Case No. 7-00-CV-389947. Said judgment was perfected by the filing of an Abstract of Judgment and recording said abstract on December 27, 2010 in the county where defendant resided at the time of the entry of judgment, as instrument No. 21023186. A copy of said Abstract of Judgment is attached hereto, marked as Exhibit "A" and made a part hereof by reference.

8. FIRST SELECT CORPORATION assigned their interest in the judgment to Plaintiff in a transaction which gave Plaintiff all rights to collect the full amount of the obligation plus interest and costs from the judgment debtor. A copy of the Assignment of Judgment is attached hereto as Exhibit "B" and made a part hereof by reference.

9. Public record shows that CORAZON GAERLAN REYES aka CORAZON G. REYES; is on title to the property located at 651 Novak Dr., San Jose CA 95127-1552. To date, the lien recorded on December 27, 2010 has not been satisfied.

10. On or about September 15, 2004, a deed of trust securing an original indebtedness of $237,500.00 was recorded in the County of Santa Clara by beneficiary World Savings Bank, FSB., its successors and/or assignees, a Federal Savings Bank, as Instrument No. 18001589 of the Official Records of said county. The Trustor(s) of said deed of trust was, SUNSHINE G. REYES, an unmarried woman, the Trustee of said deed of trust was Golden West Savings Association Service Co., a California Corporation. A document recorded May 19, 2010 as Instrument No. 20715965 of Official Records provides that Executive Trustee Services, LLC dba ETS Services, LLC was substituted as trustee under the deed of trust.

11. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them concerning their respective rights and duties in that Plaintiff is informed and believes that its judgment lien rights encumber the subject property and it is entitled to foreclose its lien and sell Defendant CORAZON GAERLAN REYES aka CORAZON G. REYES's interest in the subject property so as to satisfy the subject judgment.

12. Plaintiff seeks a judicial determination of its rights, entitlements and duties with regard to Plaintiff's judgment, its judicial lien interest and its rights to execute enforce and otherwise foreclose on said lien and sell Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES's interest in the property so as to satisfy the subject judgment.

13. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights, entitlements and duties with respect to its judicial lien created on the subject property. Without a judicial declaration, Plaintiff's ability to foreclosure its lien and sell the property would remain unsettled.

## II. SECOND CAUSE OF ACTION FOR FORECLOSURE OF LIEN

14. Plaintiff refers to Paragraphs 1 through 13 above and incorporates herein the allegations of said Paragraphs by reference as though set forth herein at length.

15. The subject matter is within the equitable jurisdiction of this court.

16. Plaintiff holds a judgment lien on the property located at 651 Novak Dr., San Jose CA 95127-1552.

17. The subject property is currently owned by Teodoro O. Reyes and CORAZON G. REYES, husband and wife as joint tenants.

18. The property interest sought to be foreclosed is the interest of Defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES, only.

19. Plaintiff seeks the entitlement to foreclose on its abstract of judgment lien.

20. The Property may constitute a homestead of Defendant, CORAZONG. REYES.

21. The homestead exemption afforded Defendant shall be $50,000.00, which is to be paid at the time of any and sale, by writ of sale.

22. The fair market value of the subject property is $316,500.

23. Plaintiff is informed and believes that there may be insufficient equity in the property to avail Plaintiff to legal remedies.

24. Any insufficient equity deprives plaintiff of any adequate remedy at law.

25. Plaintiff has demanded in writing that defendant pay the full amount of the aforesaid judgment plus interest, but defendant has failed and refused, and still fail and refuse, to make the payment, or any part thereof, and no part of the judgment has been paid.

WHEREFORE, plaintiff prays for judgment as follows:

1. For a judicial declaration of the rights, entitlements and duties of plaintiff, that the property remains burdened, encumbered and subject to the Plaintiff's judgment lien;
2. For a judicial declaration that Plaintiff is entitled to execute on, enforce and foreclose said lien(s) against the subject real property and/or against Defendants, and each of them, as well as Does 1-25.;
3. That the Plaintiff's judgment lien(s) be foreclosed on the interest of CORAZON GAERLAN REYES aka CORAZON G. REYES in aforesaid property, and the usual judgment be made for the sale of the property according to the law by the levying officer or receiver, as may be ordered or appointed by the Court.
4. That the claims of defendants DOES 1 through 25 to the property be adjudged subject, subsequent, and subordinate to the judgment lien;
5. That the proceeds of the sale be used to pay and satisfy 1) Defendant's homestead exemption in the amount of $50,000.00; 2) The costs incurred by the court and sheriff in connection with the sale of the subject property; 3)

Plaintiff's judgment lien, with the balance of the proceeds, if any, to be disbursed as the Court directs and according to Law;

6. That defendants and all persons claiming under them, after the execution of the judgment lien, as lien claimants, judgment creditors, claimants under a junior deed of trust or mortgage, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the property encumbered by the judgment lien;

7. That the court award Plaintiff judgment and execution against defendant, CORAZON GAERLAN REYES aka CORAZON G. REYES, and each of them, for any deficiency that may remain after applying all proceeds of the sale of the subject property duly applicable to satisfy the sum of $8,200.58 plus accrued interest, attorneys fees and costs as requested under paragraphs 11-14, below, of this demand for judgment.

8. That Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale;

9. That the levying officer, after the time of redemption has elapsed, execute a deed to the purchaser at the foreclosure sale according to law, and that the purchaser be let into possession of the property on production of that deed;

10. That the Court approve and appoint a Receiver to arrange for the sale of the subject real property and otherwise carry out the duties necessary to effectuate the sale of the subject property;

11. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, interest at the rate of 10% per annum from on and after May 21, 2010. Interest continues to accrue at the daily rate of $2.25 per day until the judgment is satisfied in full.

12. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, costs of suit incurred herein;

13. That the court award to Plaintiff and against CORAZON GAERLAN REYES aka CORAZON G. REYES, reasonable attorney fees in a sum according to proof or a

sum that the court deems reasonable;

14. That the court award such other and further relief as it may deem proper.

Dated: November 2, 2011

*/s/ Ronald Roundy*
Ronald Roundy
Attorney for Plaintiff

Complaint for Judicial Foreclosure of Lien and Declaratory Relief
- 7 -

## VERIFICATION
## CCP 446, 2015.5

I, MICHAEL C. BRKICH, am an authorized agent for CREDIGY RECEIVABLES, INC., Plaintiff herein. I have read the foregoing FIRST AMENDED COMPLAINT FOR JUDICIAL FORECLOSURE and know the contents thereof; and I certify that the same are true to my knowledge, except as to those matters, which are therein stated upon my information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 15th day of MARCH, 2012, at Tustin, California.

*Michael C. Brkich*

MICHAEL C. BRKICH