LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
E-Mail: turner@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
RED HILL LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CORAZON GAERLAN REYES,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIGY RECEIVABLES, INC., a Nevada corporation; CREDIGY SERVICES CORP., a Nevada corporation; PHOENIX LAW GROUP CORP., a California corporation; RED HILL LAW GROUP, P.C., a California corporation; JAY MICHAEL TENENBAUM, individually and in his official capacity; IAN NATHAN WILLENS, individually and in his official capacity; RONALD R. ROUNDY, individually and in his official capacity; MICHAEL CHARLES BRKICK, individually and in his official capacity,<br><br>Defendants. | CASE NO. CV 12-05811 EJD<br><br>NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RED HILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC 425.16),<br><br>Judge: Hon. Edward J. Davila<br><br>Date: March 22, 2013<br>Time: 9:00 a.m.<br>Courtroom: 4<br><br>[Filed concurrently with the Declaration of Bert Briones and [Proposed] Order] |

PLEASE TAKE NOTICE that on March 22, 2013 at 9:00 a.m. or soon thereafter as the matter may be heard, in Courtroom 4, 5th Floor of the above referenced Court, located at 280 South First Street San Jose, CA, Defendant Red Hill Law Group, P.C. ("Red Hill") will and hereby does move the Court for an order

4823-4250-7794.1     CV 12-05811 EJD
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT REDHILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC 425.16)

to strike Plaintiff's claim for malicious prosecution against Red Hill.

This Motion is made on the grounds that Red Hill did not sue Plaintiff, Red Hill did not direct anybody to be sue Plaintiff, Red Hill is not an agent of any of the co-defendants of this lawsuit, and none of the co-defendants of this lawsuit are agents of Red Hill.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Bert Briones, and all papers, pleadings, and records on file in this action, and any further argument or evidence as may be presented at the hearing on this Motion.

DATED: January 21, 2013  STEPHEN H. TURNER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Stephen H. Turner
Attorneys for Defendant RED HILL LAW GROUP, P.C.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As is established by the exhibits to plaintiff's own complaint[1], as to defendant Red Hill Law Group, LLC. ("Red Hill"), plaintiff cannot prevail on her claim for malicious prosecution because **Red Hill never sued plaintiff.** Therefore this anti-SLAPP motion brought by Red Hill must be granted.

Plaintiff begins her complaint by alleging:

> "Defendants wrongfully sued Plaintiff in a sham judicial foreclosure action that was nothing more then a materially false and misleading attempt to collect on a dormant judgment based on an unsecured credit card debt that was more then ten (10) years old."[2]

The obvious flaw in plaintiff's allegation is Red Hill never sued plaintiff. Copies of the complaint and first amended complaint filed in the "allegedly sham foreclosure action" ("Foreclosure Action") are attached to the complaint as Exhibits 10 and 12. Neither were filed by Red Hill. Indeed, none of the pleadings in the Foreclosure Action were filed by Red Hill, because Red Hill never sued plaintiff.[3] Consequently, as to Red Hill, plaintiff cannot prevail on her claim for relief for malicious prosecution. Therefore, this motion must be granted.

---

[1] The original complaint and the first amended complaint in the underlying lawsuit which is the basis for the claim for relief for malicious prosecution, Exhibits 10 and 12 to the complaint filed in this action, were both filed by defendant The Phoenix Law Group. They were not filed by Redhill.

[2] Complaint, ¶1 at page 2 lines 6-8.

[3] Decl. of Bert Briones, ¶ 2.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4823-4250-7794.1    3    CV 12-05811 EJD
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT REDHILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC 425.16)

## II. FACTUAL BACKGROUND

Although two lawsuits underlie this action, plaintiff's claim for malicious prosecution is based on only the second. According to plaintiff's own allegations, on February 25, 2000, First Select Corporation filed a collection lawsuit against plaintiff ("First Select Action").[4] Thereafter, a judgment was entered against plaintiff.[5] Plaintiff's claim for malicious prosecution is not based on this lawsuit. Indeed, it cannot be because plaintiff was not the prevailing party. Plaintiff's claim is based upon the second lawsuit, the Foreclosure Action.[6] As was previously noted, Red Hill did not file or prosecute that action.

According to plaintiff's own allegations, Red Hill's only involvement in either of the underlying lawsuits was in the First Select Action in which Red Hill filed an Assignment of Judgment; applied for a renewal of the judgment (the judgment in the First Select Action); and applied for an abstract of judgment. Those three documents are attached to the complaint in this action as Exhibits 8, 9; and 10. Red Hill never sued plaintiff and did not direct those who did.[7]

## III. RED HILL HAD NOTHING TO DO WITH THE FORECLOSURE ACTION

Red Hill will only briefly belabor the point which it has already made: it neither filed or prosecuted the Foreclosure Action nor directed those who did.[8] In paragraph 21 of the Complaint, Plaintiff makes the formulaic allegation: "each of the Defendants was an officer, director, agent, servant, employee and/or joint

---

[4] Complaint, ¶ 23.
[5] Complaint, ¶ 24.
[6] Complaint, ¶ 1.
[7] Decl. of Bert Briones, ¶ 3.
[8] *Id.*

venture of his co-defendants."[9] As to Red Hill, however, the allegation is incorrect.

At the time the Foreclosure Action was filed, and during the time it was prosecuted, Red Hill was not the agent of any co-defendant, and no co-defendant was the agent of Red Hill.[10] Neither Red Hill as a corporate entity, nor Red Hill's sole owner, Bert Briones, have ever had an ownership interest in any co-defendant[11], and Mr. Briones, has never been an officer, director or employee of any co-defendant.[12]

### IV. RED HILL'S ANTI-SLAPP MOTION MUST BE GRANTED

#### A. The Anti-SLAPP Statute Generally

In 1992, the California Legislature enacted the anti-SLAPP statute in order to combat increasing use of lawsuits designed to chill "a party's constitutional right of petition." *State Farm General Ins. Co. v. Majorino*, 99 Cal. 4th 974, 975 (2002). Commonly, "SLAPP suits are brought to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the Plaintiff." *Id.* at 1126 (citing *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 815-816 (1994).

California Code of Civil Procedure § 425.16 provides in part:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that

---

[9] Complaint, ¶21.

[10] Decl. of Bert Briones, ¶ 4.

[11] Decl. of Bert Briones, ¶ 5.

[12] Decl. of Bert Briones, ¶ 6.

there is a probability that the plaintiff will prevail on the claim.

(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of the determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be effected by that determination in any later stage of the case or in any subsequent proceeding.

The California Legislature has defined the activities protected by the anti-SLAPP statute. The first category of protected activity includes, "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." California Code of Civil Procedure § 425.16(e)(1).

The statue was amended in January 1997 to prevent conflicting interpretations of the statute issued by the appellate courts. The Legislature stated that henceforth the statute "shall be **construed broadly**." California Code of Civil Procedure § 425.16(a) (emphasis added); see also Rohde v. Wolfe, 154 Cal. App. 4th 28, 35 (2007) ("[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest").

B. **An Anti-SLAPP Motion May be Brought in Federal Court**

The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.

Supp. 2d 1127 (N.D. Cal. 1999), considered whether the anti-SLAPP statute applied in federal court. In holding that the anti-SLAPP statute was applicable to claims in federal court, the court found:

> With respect to the applicability of the anti-SLAPP statute to claims filed in federal court, the Court turns to a recent decision from the Ninth Circuit, *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held that the statute was applicable to state law counterclaims asserted in a federal diversity action. The Court concluded that application of the statute to such claims would not result in a 'direct collision' with the Federal Rules. The Court went on to perform an *Erie* analysis, concluding that important substantive state interests are furthered by the anti-SLAPP statute, that no identifiable federal interest would be undermined by applying the anti-SLAPP statute in diversity actions . . . The *Erie* doctrine applies to pendent state law claims to the same extent it applies to state law claims before a federal court on the basis of diversity jurisdiction. *See Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997). Accordingly, it appears that under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.

*Id.* at 1129-1130; *accord Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) ("Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court").

### C. Defendant Red Hill has Met Its Burden Under the Anti-SLAPP Statute's First Prong

Under the anti-SLAPP statute, a defendant carries the initial burden to show that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech." California Code of Civil Procedure § 425.16(b)(1); *Vess*, 317 F.3d at 1110. "The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's 'intentions are ultimately beside the point.'" *Vess*, 317 F.3d at 1110 (quoting *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67).

An "act" includes (1) "any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law; [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." California Code of Civil Procedure § 425.16(e)(1) & (2). Here, obviously, Red Hill meets this burden. Plaintiff has specifically alleged Red Hill "wrongfully sued Plaintiff in a sham judicial foreclosure...."[13]

### D. Plaintiff Cannot Prevail Against Red Hill On Her Malicious Prosecution Claim.

To prevail on her claim for malicious prosecution against Red Hill plaintiff must establish that, (1) Red Hill commenced, or directed the commencement of the Foreclosure Action which was pursued to a legal termination favorable to plaintiff; (2) the Foreclosure Action was brought by Red Hill, or at the direction of Red Hill without probable cause; and (3) was initiated by Red Hill, or at the direction of Red Hill with malice. *Marijanovic v. Gray, York & Duffy* (2006) 137 Cal.App.4th 1262, 1271-1272.

---

[13] Complaint, ¶ 1 at page 2 lines 6-8.

Here, plaintiff cannot prevail on her claim of malicious prosecution against Red Hill because she cannot satisfy the first element of a malicious prosecution claim. Red Hill did not file the Foreclosure Action and did not direct those who did.

### E. Plaintiff Cannot Establish a Reasonable Probability of Success on Her Malicious Prosecution Claim Against Red Hill.

Once a defendant meets the initial anti-SLAPP burden, the burden shifts – to the plaintiff – to establish, "**by competent and admissible evidence**," a reasonable probability that he will prevail on his claims at trial. *Macias v. Hartwell*, 55 Cal. App. 4th 669, 675 (1997) (emphasis added). Plaintiff "cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004). The Court "should grant the [anti-SLAPP] motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." *Wilson v. Parker, Cover & Chidester*, 28 Cal. 4th 811, 821 (2002).

Plaintiff cannot establish a reasonable probability she will prevail, because, as was previously discussed, Red Hill did not commence or prosecute the Foreclosure Action or direct those who did. Consequently, Red Hill's motion must be granted.

///
///
///
///
///
///
///
///

4823-4250-7794.1    9    CV 12-05811 EJD

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT REDHILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC 425.16)

## V. CONCLUSION

Based on the factually baseless allegation that Red Hill "...wrongfully sued Plaintiff[14]...", plaintiff has sued Red Hill for malicious prosecution. Because filing a law suit is an act protected by California Code of Civil Procedure §425.16, having made this allegation, which Red Hill obviously disputes, the burden is on plaintiff to establish a reasonably probability of success on her claim for malicious prosecution. Plaintiff will not be able to meet this burden because Red Hill did not commence or prosecute the Foreclosure Action nor direct those who did. Consequently, Red Hill's motion must be granted.

DATED: January 31, 2013

STEPHEN H. TURNER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Stephen H. Turner
Attorneys for Defendant RED HILL LAW GROUP, P.C.

---

[14] Complaint, ¶ 1, p. 2; line 6.

**FEDERAL COURT PROOF OF SERVICE**

Reyes v. Red Hill, etc., et al. - File No. 31614.25

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 31, 2013, I served the following document(s): **NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RED HILL LAW GROUP, INC.'S SPECIAL MOTION TO STRIKE (ANTI-LAPP-CAL. CODE CIV. PROC. 425.16)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed on January 31, 2013, at Los Angeles, California.

_____
ROSA E. ROJAS

4815-2462-6450.1                                                                                           CV 12-05811 EJD
[PROPOSED] ORDER REGARDING RED HILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC. 425.16)

**SERVICE LIST**
**Reyes v Red Hill**
**5:12-cv-05811-EJD**

| | |
|---|---|
| Fred W. Schwinn, Esq.<br>Raeon Rodrigo Roulston<br>Consumer Law Center, Inc.<br>12 South Firt Street, Suite 1014<br>San Jose, California 95113-2418<br>Tel: (408) 294-6100<br>Fax: (408) 294-6190<br>Email: fred.schwinn@consumerlaw.com<br>*Attorneys for Plaintiff*<br>*CORAZON GAERLAN REYES* | Ronald Wilcox, Esq.<br>Attorney at Law<br>1900 The Alameda, Suite 530<br>San Jose, California 95126<br>Tel: (408) 296-0400<br>Fax: (408) 296-0486<br>Email: Ronaldwilcox@post.harvard.edu<br>*Attorneys for Plaintiff*<br>*CORAZON GAERLAN REYES* |
| Amanda Nichole Ferns, Esq.<br>Ferns, Adams & Associates<br>2815 Mitchell Drive, Suite 210<br>Walnut Creek, California 94598<br>Tel: (925) 927-3401<br>Fax: (925) 927-3419<br>Email: aferns@fernslaw.com<br>*Attorneys for Defendant*<br>*CREDIGY RECEIVABLES, INC.*<br>*and CREDIGY SERVICES CORP.* | Keith Martin White, Esq.<br>Coleman & Horowitt, LLP<br>499 West Shaw Avenue, Suite 116<br>Fresno, California 93704<br>Tel: (559) 248-4820<br>Fax: (559) 248-4830<br>Email: kwhite@ch-law.com<br>*Attorneys for Defendants*<br>*PHOENIX LAW GROUP CORP.*<br>*JAY MICHAEL TENENBAUM*<br>*IAN NATHAN WILLENS*<br>*RONALD R. ROUNDY and*<br>*MICHAEL CHARLES BRKICH* |



4815-2462-6450.1

CV 12-05811 EJD

[PROPOSED] ORDER REGARDING RED HILL LAW GROUP, P.C.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP-CAL. CODE CIV. PROC. 425.16)